Dewey, J.
Parish taxes, in those parishes that are assessed for the support of religious worship by virtue of the general laws of the commonwealth, are to be assessed in the same manner as town taxes are by law required to be assessed. Rev. Sts. c. 20, § 18. As to town taxes, the law is quite clear, that as to polls and personal estate each individual is to be assessed in the town where he is an inhabitant on the first day of May in each year; and, in reference to real estate, the person who is owner, or in possession, on the first day of May, is to be assessed therefor. Rev. Sts. c. 7, §§ 6, 7, 9.
It would seem, then, from the general principles thus stated and prescribed by law, that parish taxes are to be assessed with reference to membership and property as it existed on the first day of May in each year; and the only question to be settled as to liability to taxation for a parish tax would be that of membership on the first day of May. The further provision, in c. 20; § 4, having a reference to a continued liability for grant or contract made by the society, doubtless presents some difficulty in giving a construction to the statute regarding parish taxes. With the provision, that any person belonging to any religious society shall be taken and holden to be a member of the same until he shall file a written notice of withdrawal therefrom, it is also provided, that “ thenceforth such person shall not be liable for any grant or contract which may be thereafter made by such society.”
That the provision as to a continuing liability is to some extent a qualified one, and arising only by implication, was fully stated in the case of Dow v. First Parish in Sudbury, 5 Met. 73. That case did not require any decision, as to the effect to be given to the general law requiring assessments to be made upon persons and property as of the first of May in each year, but presented a question upon a tax assessed after the expiration of the parochial year, and upon a valuation made in a subsequent year, the money having been voted by the parish, while the party, contesting the validity of the tax, was a member of the parish. It does, however, necessarily settle the principle, that a member of a parish is not liable *270 for all future time to be taxed for any grant or contract made by the parish while he is a member.
The general principle now fully stated, of making assessments in these cases solely in reference to membership on the first day of May, was distinctly asserted in the case of Inglee v. Bosworth, 5 Pick. 498, 501. But that case seems to have been decided upon the narrower ground, that the money, though voted to be raised at a parish meeting held on the 24th of April, “for defraying the necessary charges of the parish,” was not appropriated to any particular object until after the 30th of April, when the plaintiff had ceased to be a member of the parish; and so the plaintiff was not liable to be assessed thereupon as money actually granted previous to his withdrawal. In the present case the vote was “ to raise seven hundred and fifty dollars for the Rev. R. C. Stone’s salary and other necessary parish expenses the ensuing year,” which leaves the money voted “ for necessary expenses” subject to precisely the same objection as in the case of Inglee v. Bosworth. The tax in the case now under consideration was assessed upon a valuation made during the parochial year in which the money was granted. The money was voted on the 21st of April. The valuation was taken in May, under a notice to all persons who were members of the parish on the 20th of April, to bring in true lists of their property.
The question is, therefore, whether the members to be taxed are those who are such on the 1st of May ? The great practical importance of having all such assessments made in reference to some one fixed day is quite obvious, and has been universally applied to town taxes. It was from the close connexion originally existing between towns and parishes, and the fact that to a great extent they were acting under one and the same organization, that the system of taxation for paro chial purposes was, as in towns, based upon polls and estates. Comparatively few parishes now assess their parochial charges upon this ancient principle of proportional taxation upon the estates and property of the members. After much consideration, the court are of opinion, that the parochial taxes, when assessed upon polls and estate, sare to be assessed solely upon *271 those who are members of the parish on the first day of May in the parochial year, in which the money is voted and the valuation taken.
This, we are aware, will leave but a very limited application to the provision as to a continuing liability for grants of money made before the withdrawal of a member. It may still apply to the case of one who should withdraw after the 1st of May, and who would be liable to be assessed for money voted at the annual meeting in March or April, though he had ceased to be a member before the valuation was actually made, or the taxes assessed.
The rule, we think, must be that of membership at the time of making the valuation, which is the 1st of May. This will make the system a plain and intelligible one, and in perfect analogy to the rule of assessing town taxes, to which it seems to have been intended to be assimilated in this respect.
The further objection to this tax, that the assessors and collectors were not duly sworn, it is not necessary to decide, though we perceive no ground for that objection.

Judgment for the plaintiff